United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASEY JOHN NORATO,

Plaintiff,

v.

ZUCKERBERG SAN FRANCISCO
GENERAL HOSPITAL,

Defendant.

Case No. 24-cv-03408-RS

**ORDER GRANTING MOTION TO
DISMISS**

Plaintiff Casey John Norato, proceeding *in forma pauperis*, alleges he was transported in a private vehicle to an emergency room because he was bleeding profusely from a gunshot wound. The driver ran a red light, resulting in a two-car accident. Plaintiff was then taken by ambulance, while unconscious, to the emergency department of Zuckerberg San Francisco General Hospital. Norato contends that when he regained consciousness one or two days later, he learned his injuries from the accident had been treated, but that his gunshot had not been addressed.

The operative "Second Amended Complaint" lists as defendants Zuckerberg San Francisco General Hospital, Dr. Hannah Elsevier at the hospital, John/Jane Doe nurses at the hospital, as well as the "Ambulance Company" and John/Jane Doe EMTs with the ambulance company. A prior order concluded a determination as to whether the complaint presents adequate allegations against Dr. Elsevier would be held in abeyance, and that the allegations against the other defendants did not support an order for service at that juncture. The Clerk of Court was directed to issue summons as to Zuckerberg San Francisco General Hospital.

The City and County of San Francisco ("the City), asserting it was erroneously named as Zuckerberg San Francisco General Hospital, now moves to dismiss. The City has adequately shown it is the potentially liable entity and that the hospital is not a separate entity. Norato filed no response to the dismissal motion, which has previously been submitted under Civil Local Rule 7-1(b) without oral argument. The motion to dismiss is granted.

The caption of the complaint invokes 42 U.S.C. §1983, which appears to be the only basis on which Norato brings this action in federal court. The City may not be sued "under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that a municipality may be held liable "only for '[its] own illegal acts").

In the Ninth Circuit, a municipality may only be liable under section 1983 on three possible theories: (1) where the plaintiff's injury was inflicted by the "execution of a government's policy or custom"; (2) where the municipality "fails to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right"; or (3) where "the individual who committed [or ratified] the alleged constitutional tort was an official with final policy-making authority." *Rodriguez v. Cnty. Of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (citing *Monell*, 436 U.S. 658 at 659). Norato's complaint includes no allegations whatsoever that would give rise to the City's liability under §1983.

As noted, a determination of the adequacy of the complaint to state a claim against Dr. Hannah Elsevier was held in abeyance, and the allegations against other Doe defendants were found not to warrant an order for service. With the dismissal of the claims against the City, it is now clear Norato has not alleged facts showing any basis to pursue federal claims against any other defendants. Even assuming, for example, that any defendants were negligent in the medical care that they provided to Norato, that would be an issue for state court, over which the federal courts lack jurisdiction.

In light of Norato's status as a *pro se* litigant, he will be permitted a final opportunity to amend. In the event no amended complaint is filed by February 20, 2026, this action will be

United States District Court
Northern District of California

dismissed, without prejudice to any claims Norato may have under state law that may be pursued in state court.

**IT IS SO ORDERED**.

Dated: January 22, 2026

_____
RICHARD SEEBORG
Chief United States District Judge